# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 22, 2014

## STATE OF TENNESSEE v. CORRIN KATHLEEN REYNOLDS

**Appeal from the Criminal Court for Knox County**
**No. 99372     Steven Sword, Judge**

---

**No. E2013-02309-CCA-R9-CD - Filed November 12, 2014**

---

JAMES CURWOOD WITT, JR., J., concurring.

I agree with the majority's reasoning in resolving the issues in this case. I only write separately to respectfully differ with the majority's expressed dictum to the effect that this case presents an appropriate opportunity for our supreme court to adopt a *United States v. Leon*-type "good faith exception" to the exclusionary rule that is otherwise applicable pursuant to article I, section 7 of the Tennessee Constitution. *See U.S. v. Leon*, 468 U.S. 897 (1984).

I disagree with the aptness of this case for consideration of a good faith exception to the exclusionary rule. The United States Supreme Court has taken a measured approach to applying the exception to the federal exclusionary rule. Indeed, the same rubric of "good faith" conduct by the police – reliance upon legal authority reasonably believed to be valid – was present in *Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552 (2013), and yet, the High Court did not so much as mention that the "good faith" principle could have precluded the operation of the exclusionary rule.

Furthermore, we have determined in the present case that the results of the blood test are admissible into evidence as a function of implied consent as provided by statute, an avenue to admission that does not offend either the federal or the state constitution. We have no withdrawal or revocation of implied consent that could set up the issue of excluding the results of a mandatory but warrantless blood draw. All in all, I do not see that the present case is apt for our supreme court's consideration of applying the *Leon* doctrine to the Tennessee exclusionary rule.

_____
JAMES CURWOOD WITT, JR., JUDGE